Melohn v Melohn (2021 NY Slip Op 02344)





Melohn v Melohn


2021 NY Slip Op 02344


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 301969/17 Appeal No. 13602 Case No. 2019-04744 

[*1]Elizabeth Melohn, Plaintiff-Respondent,
v
Alfonse Melohn, Defendant-Appellant.


Morrison Cohen LLP, New York (David B. Saxe of counsel), for appellant.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered October 10, 2019, which, to the extent appealed from as limited by the briefs, sua sponte imposed sanctions in the amount of $10,000 on each of the parties, pursuant to 22 NYCRR 130-1.1, unanimously reversed, on the law, without costs, and the matter remitted to the Supreme Court for proceedings consistent herewith.
Although Supreme Court has the authority to sua sponte raise the issue of sanctions pursuant to 22 NYCRR 130-1.1[d] (Miller v Cruise Fantasies Ltd., 74 AD3d 919 [2d Dept 2010]), the parties must be given a reasonable opportunity to be heard before sanctions are actually imposed (Hester v Hester, 121 AD3d 645 [2d Dept 2014]; Matter of Griffen v Panzarin, 305 AD2d 601 [2d Dept 2003]). In this case when the parties appeared before the court on October 3, 2019 it was in connection with an application to for an interim stay of an ongoing trial based upon a disputed arbitration agreement. Supreme Court raised the issue of sanctions for the first time during that appearance. The appearance was brief and mostly related to the issue of the interim stay. While Supreme Court raised valid concerns about whether the parties were wasting valuable court time, when after multiple days of trial had been completed they put before the court a disputed agreement to arbitrate the very issues that were being addressed at trial (Gruen v Krellenstein, 244 AD2d 234 [1st Dept 1997], lv denied 92 NY2d 803 [1998]), the parties were not given a reasonable opportunity to address the court's concerns. We therefore reverse the sanctions and remand to the Supreme Court to give the parties an opportunity to be heard on the issue of sanctions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021